CHANCELLOR *v.* FULTON.

(In Banc.  Feb. 24, 1947.)

[29 So. (2d) 213.  No. 36345.]

**Z. A. Brantley** and **Neal Prisock**, both of Louisville, for appellant.

**Henry L. Rodgers**, of Louisville, for appellee.

**L. A. Smith, Sr., J.,** delivered the opinion of the Court.

Appellee sued the appellant in the court of a justice of the peace for $100, demanding damages for the breach of an express warranty of a cow sold him by appellant, the claim being itemized as $79 purchase price, $4.50 doctor's bill, and $16.60 for one trip to "see about the said cow." Appellee appealed from an adverse judgment in the court of the justice of the peace, and the circuit court rendered judgment in his favor, whereupon appellant brought the case here. In the circuit court a peremptory instruction was granted appellee for the full amount sued for, $100.

The granting of this peremptory instruction is the only assignment of error which we deem necessary to discuss. The testimony discloses that appellee was preparing to remove from Winston County to the Delta and was selling his livestock and other chattels, but desired to buy a good milch cow. Appellant, learning of these facts, and having ascertained about what appellee was willing to pay for a milch cow, proceeded to buy the cow in suit here, with its calf, from another farmer, with intent to sell it to appellee. The cow had been sick recently before its purchase by appellant, and had been treated for milk fever. Without revealing this condition to appellee, appellant sold him the cow and the calf for $54 in cash, and certain hogs with an agreed value of $25. The cow and calf were delivered at night to appellee at his home in Winston County, but he did not make an examination

of his purchase until early next morning, just before his departure for the Delta. He found the cow down and sick. He did not delay his planned departure but left the sick cow in charge of a neighbor, with instructions as to treatment and aid in attention to the sick animal. About a week later, appellee returned from the Delta and found the cow dying, he said. He thereupon killed the cow and had the carcass dragged away. When he bought the cow he was given no notice that it was or had been recently sick, and his purchase was on the warranty that it was sound. We have carefully considered the evidence and are of the opinion that he is correct as to this, and the appellant did sell the cow to appellee on an express warranty. In his own testimony, appellant said: "She was all right to my judgment, she was in perfect shape. I told Mr. Fulton I would guarantee her to be a sound milk cow, that her bag was sound and she milked out of all four teats, that is a common expression between cattle dealers."

It is manifest that appellee did not offer to return the calf to appellant, and it was in his possession when suit was filed against appellant for damages, as aforesaid. Appellee sought no rescission of this contract to purchase the cow and calf, and although suing for damages for breach of the warranty as to the cow, as stated, retained part of the purchase under his contract, to-wit, the calf. The value of the calf was not proven in the record, and was negligently treated by both parties to the action, yet it must have some value and its retention by appellee entitled appellant to reduction of damages in proportion to its value, as against whatever amount was otherwise due appellee under the circumstances of this case.

As we have said ante, the trial court granted a peremptory instruction to the jury to find for appellee in the amount of $100. This was the full amount for which suit was brought, and necessarily included the amount of $4.50 for expenses of a doctor in treating the cow after appellee's purchase thereof, and its relapse with

milk fever, in spite of the absence of proof of any such amount so paid or incurred by appellee, or that any doctor was so employed by appellee. It also necessarily included the amount of $16.60 for one trip "to see about the said cow." There is no sufficient proof in the record of the items of the expenses of any such trip, nor would the amount thereof have been properly recoverable in this action had there been such proof. The granting of the peremptory instruction to appellee seems also to have left out of the juror's consideration that he killed the cow, because in his judgment it was dying; and since his judgment might been at fault it thereby denied to the jury determination of whether or not, at the time of her slaying, the cow then had potential value of any kind or amount. While we are of the opinion that liability of the appellant for damages was clearly established by the evidence in this case, we also believe the trial court erred in granting peremptory instruction for the full amount involved, for the reasons hereinabove stated.

The case it not one where rescission was sought, but an action, as stated, for breach of an express warranty. We are of the opinion that there is a substantial parallel between the situation here and that in Boehm v. Friedman et al., 190 Miss. 664, 1 So. (2d) 508, 509, which case dealt with the breach of warranty of a mule, warranted to be a good working mule, but which would not work under any circumstances or conditions. The sale there involved the mule and some farm implements, and we said: "There was no offer to return the farm implements when the proposal was made to return the mule, and hence the appellant was not in a position when bringing this suit nearly a year later to treat the sale as having been rescinded, and he was therefore left to his remedy for suing for damages for the breach of warranty as to the fitness of the animal for use." Here, however, there was no offer to return the cow and no effort to rescind the sale, as we understand the record, but the calf was retained by appellee although part of the contract of

sale and included in the same, and yet the action is for the full purchase price, with other items, as we have already pointed out, supra.

The judgment of the lower court is reversed and the cause is remanded for a new trial on the issue of the amount of damages only.

Reversed and remanded.